UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONATHAN E. POHLMANN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-02719-AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jonathan E. Pohlmann's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On March 21, 2016, Pohlmann pled guilty to one count of Conspiracy Against Rights, in violation of 18 U.S.C. § 241, based on his conspiracy with Gasconade County Sheriff's Deputy Marty Rainey to engage in the criminal sexual abuse of a number of vulnerable women, including a minor, a woman who suffered from mental impairment, and many women who were easily targeted because they needed police assistance. The Court[1] accepted Petitioner's plea, and on July 22, 2016, sentenced Petitioner to the statutory maximum of 120 months' imprisonment, to run concurrent with any sentence imposed in a related case in state court in Gasconade County, Missouri.

---

[1] At that time, this case was before the Honorable Carol E. Jackson.

In his pro se motion under § 2255, Petitioner claims that his plea and sentencing counsel was ineffective for (1) failing to object to the Presentence Investigation Report ("PSR"), specifically regarding the application of §2H1.1(b) and an enhancement under §2A3.1(b)(4)(b); and (2) failing to review with Petitioner the sentencing enhancements being stipulated to in the plea agreement. As the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

**Criminal Proceedings**

As part of the Guilty Plea Agreement signed by both parties, Petitioner stipulated to the following facts. Pohlmann befriended Rainey, who was a deputy with the Gasconade County Sheriff's Office around 2006, and Pohlmann allowed Rainey to use Pohlmann's mobile home as a place for Rainey to have sex with women while he was on and off duty. Rainey met these women during the course of performing his law enforcement duties and often bragged to the defendant that he was able to get these women "to do things they would not normally do," which Pohlmann understood to generally mean that Rainey was proud of himself that he could manipulate these women to have sex with strangers, even if it meant drugging them or lying to them about his ability to assist them with their pending criminal charges or investigations.

2

Toward the end of 2010 and into 2011, Pohlmann and Rainey began to take turns engaging in sexual acts with the women whom Rainey brought to Pohlmann's residence. Pohlmann admitted that he and Rainey had an agreement or understanding with each other that they would engage in unwanted sexual contact with women whom Rainey met in his capacity as a law enforcement officer, and in doing so, Pohlmann and Rainey interfered with the women's right not to be deprived of liberty without due process of law.  Specifically, during the course of this arrangement, Rainey gave the women, without the women's knowledge or permission, a drug, intoxicant, or other similar substance that substantially impaired their ability to control their own conduct, give consent, or know what was happening around them.  Pohlmann and Rainey then engaged in sex acts with the women while they were impaired.  Sometimes, photographs were taken of Pohlmann and/or Rainey having sex with the women.

Pohlmann kept a list of sexual partners that included women with whom both he and Rainey had sex, as well as photographs of such sex acts, as evidence against Rainey. Pohlmann admitted that he wanted to keep evidence against Rainey because he knew that what he and Rainey were doing to these women was unlawful.

Among Pohlmann and Rainey's victims, was a mentally impaired female whom Pohlmann and Rainey had sex with while she was in and out of consciousness, after having been giving something to eat and drink by both men and thereafter feeling "drugged."  Rainey had instructed this female to have sex with both men for her mother

3

to receive Rainey's help with an arson investigation. Pohlmann and Rainey had sex with this mentally impaired female on several occasions; on one such occasion, she went to the hospital for injuries sustained during the sexual encounter. Furthermore, during the investigation, photographs were discovered which depict the female appearing to be unconscious in Pohlmann's residence and also having sex with Rainey.

Other victims included a female whom Rainey previously arrested and whom Pohlmann understood had been drugged by Rainey, as well as a minor female with whom both men had sex while Rainey was on duty.

On March 21, 2016, after plea negotiations, Petitioner appeared through plea counsel before the Honorable Judge Carol E. Jackson, waived indictment by a federal grand jury, and entered a guilty plea pursuant to a plea agreement to an Information charging him with Conspiracy Against Rights, in violation of 18 U.S.C. § 241. As part of the guilty plea agreement, Petitioner voluntarily agreed to plead guilty to Count I, and in exchange, the Government agreed: (1) no further federal prosecution will be brought relative to Petitioner's involvement in the Count listed in the Information and related substantive conduct occurring between January 1, 2012, and April 30, 2013, of which the Government was then aware of, and (2) the parties further agreed that either could request a sentence above or below the U.S. Sentencing Guidelines ("Guidelines") range ultimately determined by the Court.

As part of the plea agreement, the parties agreed that certain provisions of the Guidelines applied based on the stipulated facts.  As relevant here, Petitioner agreed that two levels should be added to the base offense level, pursuant to §2A3.l(b)(4)(b), because of the severity of the injury to the victims; and that six levels should be added pursuant to §2Hl.l(b), because Petitioner was acting under color of law.  The parties also agreed that three levels should be deducted because of Petitioner's acceptance of responsibility and timely notice of intent to plead guilty.  *See* Case: 4:16-cr-00129-AGF, ECF No. 9.

Additionally, Petitioner waived his right to appeal the conviction and sentence in the event the Court sentenced him within or below the Guidelines range calculated by the Court.  Petitioner further waived his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Finally, Petitioner also stated as part of the plea agreement that his attorney had reviewed the Government's case with him and had explained to him the rights he was giving up by pleading guilty, that he was "fully satisfied with the representation received from defense counsel," that, other than what was contained in the plea agreement, no promises had been made concerning his guilty plea, that his guilty plea was made of his own free will, and that he was in fact guilty of the crime to which he was pleading guilty. *Id.* at 13-14.  The Court found that Petitioner's plea was knowing, intelligent, and voluntary, and thus accepted Petitioner's guilty plea.

5

The Probation Office filed its final PSR on June 14, 2016. The PSR reflected the same offense level computation under the Guidelines agreed to by the parties in the plea agreement, and neither side objected to the PSR. Based on Petitioner's total offense level and criminal history, the Guidelines imprisonment range was 324 to 405 months. However, because, as part of the plea agreement, Pohlmann pled to a charge with a statutory maximum of only 120 months, the Guidelines term of imprisonment was reduced to 120 months and could not be more than 120 months.

On July 22, 2016, the Court held a sentencing hearing at which Petitioner appeared through counsel. Petitioner confirmed at the hearing that he had reviewed the PSR with counsel. The Government read statements from two of Petitioner's victims, and Petitioner made an allocution statement. At the conclusion of the sentencing hearing, the Court explained its reasons for sentencing Petitioner to the statutory-maximum and within-Guidelines sentence of 120 months' imprisonment. The Court ordered that the sentence run concurrent to any sentence imposed in Petitioner's related state-court case, and that the sentence be followed by a three-year term of supervised release.

Petitioner filed a notice of appeal, through counsel, on August 3, 2016, but thereafter moved to dismiss that appeal. On November 16, 2016, the Eighth Circuit granted Petitioner's motion and dismissed his direct appeal in accordance with Federal Rules of Appellate Procedure 42(b).

**Motion to Vacate**

As noted above, Petitioner asserts two related claims in his motion under § 2255. Specifically, he asserts that his plea and sentencing counsel was ineffective for failing to review with him the sentencing enhancements set forth in the plea agreement related to his acting under the color of law (§2H1.1(b)) and to the victim sustaining serious bodily injury (§2A3.1(b)(4)(b)). Petitioner also asserts that counsel was ineffective for failing to object to the inclusion of these enhancements in the PSR. Petitioner does not challenge any of the underlying facts to which he agreed as part of his guilty plea.

The Government responds that Petitioner's claims are conclusory, contradicted by the record, and otherwise without merit. To the extent that Petitioner claims that the Court erred in its application of the Guidelines, the Government responds that such a claim was waived by the plea agreement.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver

7

provisions." *DeRoo v. U.S.*, 223 F.3d 919, 923 (8th Cir. 2000). However, a petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

To establish ineffective assistance of counsel, "the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice in the context of a guilty plea requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Prejudice in the sentencing context requires the petitioner to show "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019) (citation omitted).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.*, at 1045 (citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed

8

preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

Petitioner has not demonstrated ineffective assistance of counsel.[2] Petitioner simply has not shown that the sentencing enhancements at issue should not have applied here. Those enhancements are supported by the facts that Petitioner admitted in the plea agreement, and Petitioner has offered no evidence to indicate that those facts are untrue. An attorney's failure to raise a meritless argument does not constitute ineffective assistance. *E.g., Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010). Petitioner also confirmed on the record during the sentencing hearing that his counsel had reviewed the PSR containing the sentencing enhancements with him.

Moreover, as the Government notes, by entering the plea agreement, Petitioner was able to avoid a charge related to aggravated sexual abuse as defined in 18 U.S.C. § 2241, which calls for a sentence of any term of years up to life. In the plea agreement

---

[2] To the extent Petitioner claims that the Court erred in its application of the Guidelines, the Court agrees with the Government that such a claim was waived by the plea agreement, and the Court concludes that the plea agreement was knowingly and voluntary entered by Petitioner. *See DeRoo*, 223 F.3d at 923; *see also United States v. Fight*, No. 4:11-cv-075, 2012 WL 503941, at *6 (D.N.D. Feb. 15, 2012) ("In the plea agreement, [Petitioner] expressly waived his right to argue misapplication of the Sentencing Guidelines as a grounds for relief under 28 U.S.C. § 2255. The Eighth Circuit has also concluded that such a claim is not cognizable under Section 2255.").

Petitioner signed, he specifically acknowledged that "the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea." Case: 4:16-cr-00129-AGF, ECF No. 9, at 2.  Regardless of the sentencing enhancements that Petitioner now disputes, entering the plea agreement limited Petitioner's sentence to 120 months' imprisonment.

Finally, and most importantly, Petitioner has not demonstrated prejudice resulting from his attorney's conduct.  Petitioner does not allege that, but for his counsel's alleged failures, he would have proceeded to trial.  As noted above, he may have faced a much longer term of imprisonment in a trial.  Nor can Petitioner demonstrate that, but for his counsel's conduct, he would have received a lesser sentence.  Petitioner offers nothing but speculation that, had his counsel specifically objected to any application of the sentencing enhancements at issue, the Court would have sustained such an objection. Rather, a careful review of the transcript of the sentencing hearing before Judge Jackson convinces the Court that any such objection would have been overruled, and Petitioner would have been sentenced to 120 months' imprisonment regardless.

**<u>Evidentiary Hearing</u>**

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715  (8th Cir. 2017) (holding that a district court may forego holding an evidentiary

10

hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jonathan E. Pohlmann's motions filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence are **DENIED**. ECF Nos. 1 & 8.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2021.